UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL L SANDERS,<br><br>                Plaintiff,<br><br>    v.<br><br>DANA FIELDS, THOMAS LEDOUCEUR,<br><br>                Defendant. | CASE NO. C14-5897 RBL-JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

      Plaintiff's complaint is before the Court for initial screening pursuant to 28 U.S.C. 1915A. The Court cannot determine if plaintiff states a viable claim from the facts that he has provided. Plaintiff alleges that in 1997 he was convicted of first degree child molestation, but that at some undisclosed point in time his conviction was reversed and remanded by the United States Supreme Court (Dkt. 1-1 p. 3). Plaintiff alleges that he then pled guilty to second degree assault, but he does not state if he received credit for the time that he had served or if he was

ORDER TO FILE AN AMENDED COMPLAINT - 1

1  released (*id*.). Plaintiff states that there is new case law or a new law enacted that will allow him
2  to bring an action for false imprisonment (*id*.). Plaintiff states that the decision is "Northrup" and
3  he gives the year of the decision as 2013, but plaintiff does not provide a full citation or even the
4  name of the court that rendered this decision (*id*.). Later in the complaint he refers to "Northrup"
5  as a new law that was enacted (Dkt. 1-1, p. 4). In his complaint, plaintiff names a county
6  prosecutor and his defense counsel as defendants (Dkt. 1-1. p. 3).

7      From the facts that plaintiff has provided, it is difficult to determine if he has a viable
8  cause of action. However, the Court has determined that plaintiff cannot proceed against the
9  defendants he has named.

10      To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1)
11  defendant must be a person acting under the color of state law; and (2) the person's conduct must
12  have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of
13  the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other
14  grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy
15  City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d
16  1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980). When a plaintiff fails to
17  allege or establish one of the three elements, his complaint must be dismissed. That plaintiff
18  may have suffered harm, even if due to another's negligent conduct does not in itself necessarily
19  demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344,
20  106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights
21  violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469,
22  471 (9th Cir. 1992).

23

24

1    A defense attorney, even if the attorney is assigned counsel, does not act under color of
2 state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Thus, plaintiff may not
3 proceed in a 42 U.S.C. § 1983 civil rights action against Thomas Le Douceur, plaintiff's defense
4 counsel.

5    Plaintiff's other named defendant, the prosecuting attorney, has prosecutorial immunity
6 from suit. Prosecutors are entitled to absolute immunity from liability for damages under 42
7 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). If the prosecutor acts as an
8 advocate "'in initiating a prosecution and in presenting the State's case,'" absolute immunity is
9 warranted. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir.
10 1984) (*quoting Imbler*, 424 U.S. at 430-31).

11    A prosecutor's activities in connection with the preparation and filing of charges are
12 protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). Neither a
13 conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. *Ashelman v.
14 Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Prosecutorial immunity extends to the process of
15 plea bargaining as an integral part of the judicial process. *Miller v. Barilla*, 549 F.2d 648, 649 n.
16 3 (9th Cir. 1977). Thus, plaintiff may not proceed in a civil rights action against the attorney that
17 prosecuted his criminal action.

18    Plaintiff should be given the opportunity to file an amended complaint if he believes he
19 can cure the defects in his original filing. Accordingly, the Court gives plaintiff until **December
20 26, 2014**, to file an amended complaint. Plaintiff will need to provide the date that his child
21 molestation conviction was reversed, the date he pled guilty to second degree assault and
22 whether he received credit for the time that he had already served, and a full citation for the
23 "Northrup" decision or "Northrup" Act. Plaintiff will also need to name a proper defendant
24

1  whose actions under color of state law caused the child molestation charges to be filed. The
2  amended complaint will act as a complete substitute for the original complaint and not as a
3  supplement. If plaintiff fails to file an amended complaint, or the amended complaint does cure
4  all defects, the Court will recommend dismissal of this action for failure to state a claim, and
5  failure to comply with a Court order.
6        Dated this 18th day of November, 2014.

                                              J. Richard Creatura
                                              United States Magistrate Judge