UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL L SANDERS,<br><br>    Plaintiff,<br><br> v.<br><br>DANA FIELDS, THOMAS LEDOUCEUR,<br><br>    Defendants. | CASE NO. C14-5897 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>MARCH 20, 2015 |

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

  The Court recommends dismissal of this action as plaintiff fails to state a claim against the named defendants. Further, plaintiff has failed to comply with the Court's order to file an amended complaint.

FACTS AND PROCEDURAL HISTORY

  Plaintiff is an inmate at the Clark County Jail. This action is currently before the Court at the initial review stage. *See* 28 U.S.C. 1915A. The Court has held plaintiff's application to proceed in forma pauperis until plaintiff filed a viable complaint. Thus, no filing fee has been charged in this case.

REPORT AND RECOMMENDATION - 1

1    Plaintiff alleges that he had a conviction reversed and remanded based on ineffective
2 assistance of counsel (Dkt. 1-1, proposed complaint). Plaintiff states that he then pled guilty to
3 other charges (*id*.). Plaintiff alleges that new case law would allow him to file an action for
4 wrongful imprisonment for the time that he served in prison (Dkt. 1-1).
5    On November 18, 2014, the Court ordered plaintiff to file an amended complaint (Dkt.
6 3). The Court explained that plaintiff could not sue his defense counsel. The Court also
7 explained that a prosecuting attorney from plaintiff's first criminal action has absolute immunity.
8 The Court directed plaintiff to file an amended complaint on or before December 26, 2014 (Dkt.
9 3). The Court told plaintiff to provide a citation to the case law that he referenced in his
10 complaint (*id*.).
11    Plaintiff filed a motion asking for an additional time to file his amended complaint (Dkt.
12 5). The Court granted plaintiff additional time to file his amended complaint (Dkt. 6). Plaintiff's
13 amended complaint needed to be filed on or before February 13, 2015 (Dkt. 6). Plaintiff filed a
14 second motion for additional time which the Court denied (Dkt. 7 and 8).
15    As of February 18, 2015, plaintiff has failed to comply with the Court's order.
16    The Court recommends dismissal of this action for failure to state a claim, failure to
17 comply with a Court order, and failure to prosecute. This dismissal would count as a strike
18 pursuant to 28 U.S.C. §1915(e)(g).
19    The Court screens complaints pursuant to the authority found in 28 U.S.C. § 1915A. The
20 statute states:

> a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

REPORT AND RECOMMENDATION - 2

1       (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

          (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
          (2) seeks monetary relief from a defendant who is immune from such relief.

      (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

## DISCUSSION

A.     A Prima Facie case.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.  That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

//

REPORT AND RECOMMENDATION - 3

B.  Failure to state a claim.

1.  Defense counsel.

Plaintiff names his criminal defense counsel, Thomas LeDouceur, as a defendant (Dkt. 1). A defense attorney, even if they are assigned counsel, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Accordingly, plaintiff's attempt to name this defendant fails to state a claim.

2.  Prosecuting attorney.

Plaintiff names the prosecuting attorney from his first criminal action, Dana Fields, as a defendant (Dkt. 1). Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Kalina v. Fletcher*, 522 U.S. 118 (1997). If the prosecutor acts as an advocate "'in initiating a prosecution and in presenting the State's case,'" absolute immunity is warranted. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting Imbler*, 424 U.S. at 430-31). Accordingly, plaintiff's attempt to name this defendant fails to state a claim.

Plaintiff has failed to state a claim against any named defendant. This is grounds for dismissal with prejudice and imposition of a strike. *See*, 28 U.S.C. 1915§ (e)(g).

D.  Failure to comply with a court order and failure to prosecute.

Fed. R. Civ. P. 41(b) provides for dismissal of an action if plaintiff fails to prosecute or fails to comply with a court order. This dismissal acts as an adjudication on the merits unless the Court states otherwise. Here, the Court ordered plaintiff to file an amended complaint and cure defects in his original complaint (Dkt. 3). Plaintiff has failed to comply with a Court order.

1  Plaintiff has also failed to prosecute his action. Accordingly, the Court recommends dismissal of
2  this action with prejudice.
3        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8  March 20, 2015, as noted in the caption.
9        Dated this 19th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge